### E. H. Roquest & Co. v. Steamer B. E. Clarke et el.

The writ of provisional seizure cannot be sued out without a bond being given by the plaintiffs except in the cases expressly enumerated in the Code of Practice.

The furnishers of provisions to the boat's crew are not furnishers of "materials" in the sense of Art. 285, No. 3, of the Code of Practice.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Durant & Hornor*, for plaintiffs and appellants. *Charles B. Singleton*, for defendants.

SPOFFORD, J. The writ of provisional seizure which issues without a bond by the plaintiff who resorts to it is restricted to the cases enumerated in the Code of Practice under that head. *Smith* v. *Smith*, 2 An. 447.

The plaintiffs, who have furnished provisions to the boat's crew, are not furnishers of "materials" in the sense of the Article 285, No. 3, of the Code of Practice.

The District Judge, therefore, did not err in setting aside the provisional seizure.

Nor do we think he erred, as contested by the appellants, in limiting the privilege claimed by the plaintiffs to the term of sixty days next preceding the seizure. It is true the term was established for the protection of third persons dealing with the owners of vessels, but if the privilege runs out in that time, as has been repeatedly held, the courts cannot extend the time. We see no practical benefit to result from holding that the privilege lasts and must be enforced until some third person pleads its peremption; if the owners are solvent the creditor can secure payment without a privilege; if not, some third person must be prejudiced by a prolongation of the term for which the privilege subsists.

The money demand of the plaintiffs is not prescribed, as urged by the defendants and appellees. The Judge properly inferred an interruption of prescription from the facts in evidence.

.Judgment affirmed.